IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY A. LISTER,
    Plaintiff,

v.

DEFENSE LOGISTICS AGENCY, et al.,
    Defendants.

Case No. 2:05-CV-495
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court for consideration of the Motions to Dismiss filed by Defendants Youn, Wallace and Defense Logistics Agency (Doc. #13) and Defendant Rumsfeld (Doc. #14). For the reasons that follow, the former motion is granted and the latter motion is granted in part and denied in part.

**I.**

Plaintiff, Gary A. Lister ["Plaintiff"], brings this action against the Defense Logistics Agency ["DLA"]; Kenny K. Youn, Site Director of DLA; Robert E. Wallace, Chief of Executive Programs for DLA; and Donald H. Rumsfeld, United States Secretary of Defense, claiming violations of the First and Fifth Amendments to the United States Constitution, the Religious Freedom Restoration Act, 42 U.S.C. § 2000(bb), 42 U.S.C. § 1981[1] and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The Court has jurisdiction pursuant to 28 U.S.C.

---

[1] Although Plaintiff's Complaint includes a claim under § 1981, in his Memorandum *contra* the Motions to Dismiss, Plaintiff states that he is not pursuing a claim under this statute. (Memorandum *contra* at 1, n.3).

§ 1331.

Plaintiff is an employee of the Defense Supply Center, Columbus ["DSCC"], a division of DLA. (*Complaint* at ¶ 14). DLA is a component of the United States Department of Defense. (*Id.* at ¶ 15). According to Plaintiff, DLA has a bulletin board policy which permits employees to post general information of interest on various "Notice Bulletin Boards" in the workplace. (*Id.* at ¶ 16). Plaintiff claims that permission is not required to post information on the bulletin boards. (*Id.* at ¶ 21). In his Complaint, Plaintiff cites the following examples of postings on the bulletin boards:

   a. "Volunteers Needed"- request for volunteers to serve patients and families at the Heartland Hospice
   b. "A hunters' poem"- poem advocating the end of bird hunting
   c. "ASMC Buckeye Chapter"- request for clothing for children in inner city schools
   d. "Visit Our Pet Adoption Centers"- advertisement for Franklin County Dog Shelter
   e. "Family Advocacy Program" - advertising training to help preserve families

(*Id.* at ¶ 20).

On October 6, 2004, Plaintiff requested permission to post a flyer on the Notice Bulletin Board in Building 20 of the DSCC. (*Id.* at ¶ 22). Plaintiff's flyer stated that contributions made to the Combined Federal Campaign[2] "may go to support abortion on demand, abortion for teens, sexual promiscuity, the homosexual agenda and New Age mysticism." (*Id.* at ¶ 23). Plaintiff's flyer was allegedly motivated by his "sincere religious beliefs." (*Id.* at ¶ 25). Plaintiff claims that Defendant Wallace sent Plaintiff a memo on October 14, 2004 denying permission for posting of the flyer on the basis that employees are not to engage in personal religious or

---

[2]The Combined Federal Campaign is a charitable contribution campaign for federal employees.

2

ideological campaigns during work hours. (*Id.* at ¶¶ 28, 30).

On January 6, 2005, Plaintiff filed a complaint for religious discrimination with the Equal Employment Coordinator. (*Complaint* at ¶ 31). Plaintiff's complaint was dismissed on January 14, 2005 for failure to state a claim. (*Id.* at ¶ 33). Plaintiff now seeks relief in this Court and moves for a Preliminary Injunction to allow him to post his flyer on the Notice Bulletin Board. The Defendants move to dismiss the Complaint and also oppose the request for injunctive relief.

## II.

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

### A. Motion to Dismiss - Defendants Youn, Wallace and Defense Logistics Agency

Defendants Youn, Wallace and the Defense Logistics Agency move for dismissal of Plaintiff's Title VII claim on the basis that they are not proper Defendants to this claim. Youn is the Installation Site Director of the DSCC. Wallace is the Chief of Executive Programs at DSCC and the DLA. According to the Defendants, under 42 U.S.C. § 2000e-16(c), the "head of the department, agency, or unit, as appropriate shall be the defendant." Defendant Secretary Rumsfeld is the head of the Department of Defense.

Plaintiff concedes that Defendant Rumsfeld is the only proper Defendant as to his Title VII claim. (Memorandum *contra* at 2). The Court also concludes that, under Title VII, only Defendant Rumsfeld is properly named as a defendant. *See Brantley v. Runyon*, No. C1-96-842, 1997 WL 373739 (S.D. Ohio June 19, 1997). Accordingly the Motion to Dismiss Plaintiff's Title VII claim as to Defendants Youn, Wallace and DLA is granted[3].

### B. Motion to Dismiss - Defendant Rumsfeld

#### 1. Claims under the First and Fifth Amendments and RFRA

Defendant Rumsfeld moves to dismiss Plaintiff's claims under First and Fifth Amendments and RFRA on the basis that the Court is without subject matter jurisdiction because Title VII is the "exclusive remedy for federal employees to recover for employment discrimination on the bases of race, color, religion, sex, national origin and reprisal for prior

---

[3]For the reasons stated *infra*, Plaintiff's claims under the First and Fifth Amendments and RFRA remain against Defendants Youn, Wallace and DLA.

4

protected activity." (*Motion to Dismiss* at 2-3). Plaintiff disagrees, arguing that Title VII does not preclude these claims.

The Court agrees with Plaintiff's position. Defendant accurately cites the Supreme Court's decision in *Brown v. General Services Administration*, 425 U.S. 820 (1976) for the rule that Title VII provides the exclusive remedy for claims of discrimination in employment by federal employees. In that case, the Court held that the intent of Congress was to "create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination . . . ." *Id.* at 829. Although Plaintiff in this case claims that he was discriminated against in violation of Title VII, he also claims that he was deprived of the right to free speech, protected by the First Amendment to the United States Constitution. In the Court's view, this claim is separate and distinct from the claim of discrimination in employment[4].

The Court finds the decision in *Gunning v. Runyon*, 3 F.Supp.2d 1423 (S.D. Fla. 1998), instructive. In that case, Plaintiff, employed by the United States Post Office, brought suit for his employer's refusal to play a Christian radio station over its public address system. Like Plaintiff in this case, Plaintiff in *Gunning* asserted claims for violation of Title VII, RFRA and the First Amendment. In concluding that Plaintiff could pursue a free speech claim separate from his Title VII claim, the court stated:

> Plaintiff's constitutional claim as to free speech is based upon the claim that his right to free speech includes the right to listen to protected free speech such as the religious speech on WMCU, and that not playing WMCU, or singling out WMCU as the reason not to play the radio over the station audio system, is viewpoint

---

[4]Defendant argues that Plaintiff's constitutional claims are not independent of his employment discrimination claim because they arise out of the same factual scenario. The Court concludes, however, that the nature of the claims must be examined in order to determine whether the remedy under Title VII is exclusive.

5

> discrimination in violation fo the First Amendment. As this argument is a free speech and not an employment discrimination claim, Plaintiff is not limited to Title VII for recourse.

*Id.* at 1431.

Similarly, in this case, Plaintiff claims that his inability to post flyers on the Notice Bulletin Board is violative of the First Amendment. This claim is distinct from a claim of discrimination in employment and is not precluded by Title VII. As the Court of Appeals for the District of Columbia Circuit held in *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1415 (D.C. Cir. 1985), the Supreme Court's decision in *Brown* "focused on whether federal employees should be able to bring parallel actions under both Title VII and other provisions of federal law to redress the same basic injury." The court went on to observe that "[n]othing in [the history of Title VII] even remotely suggests that Congress intended to prevent federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all." *Id.* at 1415. The Court agrees with this holding.

Plaintiff may proceed with a First Amendment claim in this Court. Similarly, Title VII does not preclude Plaintiff from pursuing claims under the Fifth Amendment to the United States Constitution and RFRA. Although the claims arise from the same factual circumstance as the Title VII claim, the claims are distinct from Plaintiff's claim for employment discrimination and therefore are not precluded by Title VII[5].

---

[5] The Court notes that, in his Reply Memorandum, Defendant Rumsfeld contends that all of Plaintiff's claims fail on the merits. The Court declines to consider these arguments until the record is further developed. The Court's instant ruling, that the claims may proceed as not precluded by Title VII, in no way relates to the ultimate viability of the claims on the merits.

## 2. Title VII Claim

Defendant Rumsfeld also moves to dismiss Plaintiff's Title VII claim under Rule 12(b)(6) on the basis that Plaintiff has failed to allege any adverse action. Defendant argues that the only action alleged by Plaintiff is the denial of permission to post a flyer on the notice bulletin board. According to Defendant, this is insufficient to show adverse employment action for purposes of Title VII.

In response, Plaintiff states that he is pursuing both claims for disparate treatment and failure to accommodate under Title VII. According to Plaintiff, the failure to accommodate claim does not require a showing of discharge or discipline because Plaintiff only seeks to recover declaratory and injunctive relief, not damages. With respect to his claim for disparate treatment under Title VII, Plaintiff argues that the adverse employment action suffered is a material loss of benefits. Plaintiff argues that access to the bulletin boards is a "benefit" enjoyed by all employees but was denied to him based on his religion. The Court address Plaintiff's arguments, separately.

### a. Disparate Treatment

Under Title VII, an employer is prohibited from discriminating "because of . . . race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff's claim that he suffered disparate treatment on account of his religion is premised on circumstantial evidence

and is therefore evaluated using the familiar *McDonnell-Douglas* burden shifting method[6]. Under this method, Plaintiff must first state a *prima facie* case of discrimination. This requires that Plaintiff allege, and ultimately show, the following: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) a similarly situated non-protected employee was treated more favorably than he.

If the Plaintiff is successful with the foregoing, the burden of production shifts to the Defendant to offer a legitimate, nondiscriminatory reason for the adverse action taken. Once shown, the burden then shifts back to the Plaintiff to show that the reason given is mere pretext for unlawful discrimination. In this analysis, the burden of persuasion remains at all times with the Plaintiff. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Defendant argues that Plaintiff cannot show the adverse employment action element of a *prima facie* case. Plaintiff claims that denying him the right to post a flyer on the bulletin board constitutes a material loss of benefits, which amounts to adverse employment action. Defendant maintains that the ability to make postings on a bulletin board in no way affects the term, condition or privileges or employment, for purposes of Title VII.

In order to constitute an adverse action for purposes of Title VII, the Plaintiff must allege that he has experienced a "materially adverse" change in the terms or conditions of employment. *Nguyen v. City of Cleveland*, 229 F.3d 559 (6th Cir. 2000). Such action may include "termination of employment, a demotion as evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other

---

[6]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dept. of Commerce v. Burdine*, 450 U.S. 248 (1981).

8

indices that might be unique to a particular situation." *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 886 (6th Cir. 1996) (citation omitted). The Sixth Circuit has consistently held that *de minimus* employment actions are not materially adverse and do not satisfy the adverse action element. *Brown v. Shawnee State Univ.*, 220 F.3d 456, 461 (6th Cir. 2000).

In this case, the Court concludes that Defendant's denial to Plaintiff of the ability to post flyers on the bulletin boards at DSCC does not constitute a materially adverse employment action for purposes of Title VII. In the Court's view, the Defendant's action is, at most, a *de minimus* employment action that does not rise to the level of cognizable adverse employment action. For this reason, Plaintiff has failed to state a claim for disparate treatment and Defendant Rumsfeld's motion to dismiss the claim is meritorious.

The Court notes, however, that terming conduct by a public employer as *de minimus* for purposes of Title VII does not mean or imply that such conduct may not also be unconstitutional. The conclusion here is simply that Title VII does not provide a remedy for such conduct, while other provisions of federal law may give relief for the same conduct.

### b. Failure to Accommodate

Plaintiff also alleges that he was discriminated against in violation of Title VII on a "failure to accommodate" theory. To be successful under this theory, Plaintiff must allege that he holds a sincere religious belief that conflicts with an employment requirement; that he has informed the employer of the conflict; and that he was discharged or disciplined for failing to comply with the requirement. *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir. 1987). Once Plaintiff establishes a *prima facie* case, the traditional burden-shifting analysis is employed.

Plaintiff argues that he need not show that he was discharged or disciplined in order to make a *prima facie* case because he seeks only injunctive and declaratory relief, not damages. Plaintiff relies on the case of *Goldmeier v. Allstate Ins. Co.*, 337 F.3d 629 (6th Cir. 2003) in support of this position.

Contrary to Plaintiff's argument, the Sixth Circuit has not dispensed with the requirement that Plaintiff show discharge or discipline, regardless of the type of relief sought, in a failure to accommodate claim. In fact, the Sixth Circuit held that " discharge or discipline remains an element of a prima facie cases of religious discrimination in employment." *Id.* at 637. Plaintiff's assertion that the rule only applies to claims for damages is simply incorrect.

Since Plaintiff fails to allege that he has been discharged or disciplined, he fails to state a claim under a Title VII failure to accommodate theory. Defendant Rumsfeld's motion to dismiss this claim is meritorious.

### IV.

In light of the foregoing, the Motion to Dismiss filed by Defendants Youn, Wallace and Defense Logistics Agency (**Doc. #13**) is **GRANTED**. The Motion to Dismiss filed by Defendant Rumsfeld (**Doc. #14**) is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

1-20-2005
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

10