IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRY A. LISTER,**

    **Plaintiff,**

v.

    Case No. 2:05-CV-495
    JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Abel

**DEFENSE LOGISTICS AGENCY, et al.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Garry A. Lister's Motion for Attorneys Fees, Expenses and Costs under the Equal Access to Justice Act, 28 U.S.C. §2412(a) and (d) ("EAJA"). As set out below, the Court finds that the Defendants' position in the underlying litigation was "substantially justified" and therefore, Plaintiff is not entitled to an award of fees under the EAJA. As the prevailing party, however, Plaintiff is entitled to reimbursement of the actual costs incurred in bringing the lawsuit. Therefore, Plaintiff's Motion (doc. 51) is GRANTED in part, and DENIED in part.

I.

Plaintiff Lister brought this action against the Defense Logistics Agency ("DLA"), Kenny K. Youn, Site Director of DLA, Robert E. Wallace, Chief of Executive Programs for DLA, and Donald H. Rumsfeld, United States Secretary of Defense (who has since been replaced by Robert Gates) (collectively, "the government"), claiming violations of the First and Fifth Amendments to the United States Constitution, and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb. Briefly, Plaintiff challenged the government's rules regarding the use of bulletin boards

at the Defense Supply Center, where Plaintiff worked. The Court granted summary judgment in favor of Plaintiff on March 30, 2007,[1] entering a declaratory judgment to the effect that the government's challenged policies violated the First Amendment, and enjoining the enforcement of the unconstitutional policies.

Within 30 days of the Court's judgment, Plaintiff Lister filed a motion under 28 U.S.C. § 2412(d) seeking an award of attorneys fees and costs. The EAJA provides that a court shall award fees and other expenses if (1) Lister is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] The only dispute in this case is whether the government's position was substantially justified. If the government's defense position was substantially justified, Lister is not entitled to fees under the EAJA. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006).

The government's position was substantially justified if it was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal question marks omitted). The Supreme Court

---

[1] The facts are set out at length in the Court's March 30, 2007 Opinion and Order, and will not be repeated herein. (Doc. 49).

[2] Section § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2

has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. *Id.* The government's position "can be justified even though it is not correct . . ., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." *Id.* at 566 n.2. The Sixth Circuit has clarified that even a position "unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case . . . ." *Id.* (internal citations omitted); *see also Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. Ky. 2007).

## II.

The extensive legal analysis supporting this Court's decision in favor of Plaintiff will not be repeated herein. In deciding the motion for summary judgment, the Court summarized the parties' positions as follows: "The government contends that, by excluding all religious or ideological items, the restrictions on use of the bulletin board are viewpoint neutral. The Plaintiff responds that the restrictions are designed to stifle constitutionally protected speech. In the Court's view, this question is the core of the dispute." (Opinion and Order at 9). The Court noted that "[b]oth sides have presented cogent, well-researched arguments. The issues raised in this case are difficult. Surprisingly, there is a dirth of case law involving similar facts." (Id. at 7). All told, the Court's Opinion contains eight pages of analysis, discussing and distinguishing various cases and thoroughly considering Defendants' position regarding the nature of the forum

and the challenged speech, the protections afforded to Plaintiff, the rights of the employer in this particular factual situation, and the constitutionality of the government's policies.

The Court finds that there was a genuine dispute on the dispositive issues in this case. The government's position, while incorrect, had a "reasonable basis both in law and fact." *Pierce*, 487 U.S. 552, n.2. Because "reasonable people could differ as to the appropriateness of the contested action" the position of the government is deemed to be substantially justified. *Id.* In the absence of "clearly established. . . governing norms" dictating judgment in favor of Plaintiff on the specific facts of this case, the government's position was "justified to a degree that could satisfy a reasonable person." *Perket v. Secretary of Health & Human Services*, 905 F.2d 129, 132, 135 (6th Cir. 1990).

That the government's position was justified is further evidenced by the fact that prior to considering Plaintiff's motion for summary judgment, the Court dismissed certain of Plaintiff's claims as unfounded. (*See* Jan. 20, 2006 Opinion and Order on Defendants' Motion to Dismiss).

In addition to fees, Plaintiff has also requested an award of costs under 28 U.S.C. §2412(a)(1).[3] Plaintiff's status as a prevailing party in a civil action against the United States

---

[3] 28 U.S.C. §2412(a)(1) states:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title [28 USCS § 1920], but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

4

entitles him to a judgment for costs, limited to reimbursing him for expenses incurred during the litigation. The government has not opposed an award of costs. The Court finds that Plaintiff's itemization of costs in Exhibit C of the Motion for Fees is reasonable, and hereby awards a judgment for costs in favor of Plaintiff in the amount of $1,688.46.

### III.

For the foregoing reasons, Plaintiff's Motion for Attorneys Fees, Expenses and Costs is **DENIED** in part and **GRANTED** in part. Judgment for costs is entered against Defendants in the amount of $1,688.46.

**IT IS SO ORDERED.**

1-20-2009
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**